UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE WOODS, | ) | |
| | ) | |
| Petitioner, | ) | No. 1:18-cv-3941 |
| | ) | |
| v. | ) | Hon. Sharon Johnson Coleman |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

The petitioner, Willie Woods, moves this Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Woods subsequently filed a motion for leave to amend his section 2255 motion. The Court considers Woods' proposed amendments alongside his original motion and, for the following reasons, denies his section 2255 motion without an evidentiary hearing.

**Background**

After a jury trial, Woods was convicted of conspiracy to engage in the sex trafficking of minors by force in violation of 18 U.S.C §§ 1591(a) and (b)(1) and 18 U.S.C. § 1594(c), three counts of the sex trafficking of minors by force in violation of 18 U.S.C. §§ 1591(a) and (b)(1), transporting a minor in interstate commerce to engage in prostitution in violation of 18 U.S.C. § 2423(a), and obstruction of justice in violation of 18 U.S.C. § 1512(b)(1). Woods was subsequently sentenced to 22 years in prison and is currently incarcerated in the Federal Correctional Institution in Glenville, West Virginia.

The charges against Woods stemmed from his involvement in a sex trafficking ring in Illinois and Iowa. The testimony at trial established that Woods and his co-defendants recruited young girls and sold them to strangers for sex. Woods, at his codefendants' direction, solicited "clients" through Backpage.com postings with sexually provocative photographs of the minors and

1

drive the minors to hotels for the "dates" he had arranged. Woods used drugs and alcohol, as well as the threat to withhold food, to pressure the girls into committing these acts. At trial, Woods was found guilty on six of the seven counts charged, but was found not guilty on the charge that on April 9, 2012, he knowingly transported Minor B in interstate commerce with the intent that she engage in prostitution. On appeal, the Seventh Circuit affirmed his conviction and found that there was sufficient evidence to support the jury's findings. *United States v. Woods*, 695 Fed. App'x 949 (7th Cir. 2017).

Prior to trial, Woods was represented by four different court-appointed attorneys. Yelena Dolgosheeva represented Woods from his arraignment until March of 2013, when Woods asked her to withdraw. The Court subsequently appointed Kent Carlson, who attempted to negotiate a plea agreement on Woods' behalf and, when that failed, prepared to take the case to trial. In October 2014, however, Woods again asked the Court for a new lawyer. John Meyer was subsequently appointed and, despite active pre-trial litigation, Woods again moved for new counsel in May of 2015. Gerald Collins was ultimately appointed in September 2015, and the case proceeded to trial at the end of October. After Woods' conviction, Collins continued to represent him through sentencing.

**Legal Standard**

A prisoner in federal custody may seek to vacate, set aside, or correct a sentence that has been "imposed in violation of the Constitution or the laws of the United States…" 28 U.S.C. § 2255(a). Relief is only available in cases where a jurisdictional or constitutional error has been made or where there has been a "complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013). In section 2255 actions, an evidentiary hearing is not required if the motion, files, and records "conclusively show" that the prisoner is entitled to no relief. *Bruce v. United States,* 256 F.3d 592, 597 (7th Cir. 2001); *Menzer v. United States.*, 200 F.3d 1000, 1006 (7th Cir. 2000);

2

28 U.S.C. § 2255(b). Therefore, an evidentiary hearing is unnecessary if the petitioner's allegations are "vague, conclusory, or palpably incredible." *Bruce*, 256 F.3d at 597. Nevertheless, this Court construes pro se petitions liberally and in the interests of justice. *Warren v. Baenen*, 712 F.3d 1090, 1099–1100 (7th Cir. 2013).

**Discussion**

Woods primary argument for section 2255 relief is that his appointed lawyers prejudged his guilt and were constitutionally ineffective. Under the Sixth Amendment, criminal defendants are entitled to the effective assistance of competent counsel. In order to establish that a lawyer was so ineffective as to violate the Sixth Amendment's protections, a petitioner must demonstrate that the lawyer's performance was objectively unreasonable and that there is a reasonable probability that, but for counsel's unreasonable actions, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 688–694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In reviewing counsel's conduct, the Court indulges "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and is careful not to let hindsight bias it against counsel's actions. *Id.* at 689.

Although the Petitioner typically bears the burden of proving that he was prejudiced by counsel's inadequate conduct, the Supreme Court has recognized limited circumstances which are so egregious that their prejudice may be assumed, such as when an individual is denied counsel, when counsel fails to subject the prosecution's case to adversarial testimony, or when the circumstances would prevent any lawyer from being able to render effective assistance. *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *see also Miller v. Martin*, 481 F.3d 468, 472 (7th Cir. 2007). Woods asserts that these outrageous circumstances are present here due to the "carousel of different defense attorneys . . . and their absolute lack of preparedness and experience for trial." The fact that Woods had multiple lawyers, however, does not establish that the failure of

3

representation he alleges was so egregious that he effectively had no representation and that prejudice should be assumed. To the contrary, Woods was represented at all critical stages of his case and counsel actively litigated the case on his behalf through motion practice and at trial. Although Woods argues that his attorneys disagreed with his strategic decisions and did not have adequate time to prepare, the review of the record fails to support his argument and those assertions do not give rise to a presumption of prejudice.

Woods contends that his attorneys provided constitutionally ineffective assistance of counsel by advising him to plead guilty. Woods, however, did not plead guilty, and therefore cannot establish that he was prejudiced by his lawyers' advice to do so. *See Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (recognizing that defendants challenging an attorney's advice to plead guilty must be able to establish prejudice). Woods also argues that his first lawyer, Dolgosheeva, lacked trial experience. There is no evidence to support this claim. Even if true, moreover, lack of experience does not justify a presumption of ineffectiveness. *Cronic*, 466 U.S. at 665. Woods has also failed to offer any explanation of how he was prejudiced by Dolgosheeva's purported inexperience given that she withdrew over two-and-a-half years before his case ultimately went to trial.

In a related argument, Woods asserts that Collins was ineffective because he had insufficient time to prepare for trial. Lack of preparation time, however, is not a stand-alone basis for establishing the ineffective assistance of counsel. Instead, Woods must explain how the supposedly inadequate time before trial prevented Collins from being able to render an adequate defense. *Matheney v. Anderson*, 253 F.3d 1025, 1044, n. 17 (7th Cir. 2001). Conclusory assertions aside, however, Woods does not identify anything that Collins did that was objectively unreasonable or present any argument establishing that a different course of conduct on Collin's part would have altered the outcome of his case.

4

Woods primary complaint, however, is that his lawyers disregarded his opinions on strategy and failed to defend Woods' case in the manner he would have preferred. Woods has not offered any evidence or specific argument to demonstrate that counsel's strategic choices were objectively unreasonable or to explain what strategic input from Woods counsel ignored. Attorneys are ethically obligated to use professional judgment in deciding what strategies to pursue or what witnesses to call, and as long as those decisions fall within the wide range of reasonable professional assistance the Court cannot conclude that counsel was constitutionally ineffective. *United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002). Woods, moreover, has offered nothing to establish that his defense was prejudiced by counsel's failure to accede to his strategic demands.

Woods further contends that Collins was constitutionally ineffective at sentencing when he failed to object to sentencing enhancements under U.S.S.G. § 2G1.3(b)(3)(B). Woods, however, fails to argue that it was objectively unreasonable for counsel not to object to these enhancements. The enhancement at issue applies if the offense "involved the use of a computer or an interactive computer service to "entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor." The evidence presented at trial clearly established that this enhancement was applicable, and Woods has offered no evidence or caselaw establishing that had counsel objected the enhancement might not have been applied. Accordingly, Woods has failed to establish that counsel was constitutionally ineffective at any critical juncture in his case.

Woods next argues that his 18 U.S.C § 1591 and 18 U.S.C § 1594 convictions do not qualify as crimes of violence under *Sessions v. Dimaya*, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018). *Dimaya*, however, concerns the residual clause in 18 U.S.C. § 16, as it was incorporated into the Immigration and Nationality Act. Woods has failed to explain how that case has anything to do with his convictions under 18 U.S.C. § 1591 and 18 U.S.C. § 1594, neither of which incorporate 18 U.S.C. §

5

16 or contain a similar residual clause. Therefore, Woods' argument based on *Dimaya* is not applicable.

Finally, the Court turns to Woods' proposed amended complaint[1] and the arguments raised in his reply brief. Woods, for the first time, argues that the Constitution does not confer Congress with the authority to enact criminal laws punishing acts of sexual exploitation or sex trafficking and that federal courts do not have subject matter jurisdiction over criminal matters. Woods further asserts that his lawyers were constitutionally ineffective for failing to raise these issues. It is well established, however, that the subject matter jurisdiction of federal courts encompasses the enforcement of criminal laws. *See generally United States v. Davis*, No. 89 CR 580-11, 1997 WL 94730, at *1 (N.D. Ill. March 3, 1997) (Shadur, J.) (explaining the origins of federal criminal jurisdiction). It is similarly well established that the criminalized conduct in this case falls within the scope of the commerce clause. *United States v. Walls,* 784 F.3d 543, 546 (9th Cir. 2015); *see also United States v. Powell*, No. 04 CR 885, 2006 WL 1155947, at *4 (N.D. Ill. April 28, 2006) (Manning, J.) (holding that the application of 18 U.S.C. § 1591 does not run afoul of the commerce clause when the defendant's activities substantially affected interstate commerce). Accordingly, Woods has failed to establish any ineffectiveness on the part of counsel in failing to raise these untenable legal arguments.

**Conclusion**

For the reasons set forth above, Woods' motion to vacate, set aside, or correct his sentence [1] is denied without an evidentiary hearing. Woods' motion for leave to amend [6] is denied as moot based on the Court's rejection of Woods' proposed arguments in the present ruling.

IT IS SO ORDERED.

Date: 7/10/2019

---

[1] Woods' motion for leave to amend was not timely presented to the Court. Nevertheless, the government had opportunity to respond to Woods' arguments and the Court will therefore consider them.

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge